JAMES P. WHITTAKER *v.* COMMONWEALTH.

**Criminal Law—Homicide—Self-Defense—Instruction.**

In a trial for murder, where the accused invited the deceased to meet him and settle by pistols who should die, it was proper for the court to qualify the usual instruction on self-defense to the effect that if the fight with pistols was by consent it afforded no excuse for justification.

APPEAL FROM ANDERSON CIRCUIT COURT.

September 7, 1877.

OPINION BY JUDGE PRYOR:

The doctrine established in the case of *Sewell v. Commonwealth* did not authorize the giving of the instruction asked for by counsel for the accused. The facts fail to bring this case within the rule, and the presentation of a mere abstract proposition of law, without evidence to support it, would have misled the jury. It appears from the testimony of the mother of the accused that the latter invited the deceased to settle their difficulty at the mouth of the pistol, and that each repaired to his house in order to obtain the weapon. The accused first made his appearance on the ground with pistol in hand, and the deceased, when approaching to engage in the deadly combat, was told not to come nearer, the accused at the same time stepping backwards. The deceased made no exhibition of any weapon at the time, and, as the evidence conduces to show, was so much intoxicated as to scarcely know the circumstances surrounding him. The accused shot the deceased as he approached after first warning him not to advance. This shot took effect, and the deceased stooped to gather a stone, and, perhaps, when he had thrown it was told again not to advance, and when he attempted to do so was again shot by the accused. At no time was any deadly weapon shown, and although he may have been in fault in bringing on the difficulty or quarrel, no assault was made by him of any kind, and his unfortunate end was the result of the invitation of the accused to end the trouble by the use of pistols. The accused, instead of showing an intention to abandon the proposition, deliberately walked to his house, returned with his deadly weapon, took his position, and said to the inebriate not to approach, and as the latter came forward shot him. He made no effort to leave the ground. He did not say that he desired to settle the difficulty in any other mode, or make any manifestation of an intention to withdraw his invitation to kill or be killed. His adver-

34

sary was drunk, a fact that he must have known, had made use of
no weapon, and had none in his possession. The accused may have
had the right to believe that he was armed, and no doubt did so be-
lieve, but the unfortunate man was there at the instance of the ac-
cused and slain when there was no necessity for it, and when it
might have been avoided without any danger to the accused. The
usual instruction in regard to self-defense was given, with the quali-
fication that if the fight with pistols was by consent it afforded no
excuse or justification. This embraced the law of the case. We per-
ceive nothing in the record prejudicial to the accused, and the judg-
ment must be *affirmed.*

*Felix & Thompson, Draffin & Bell, for appellant.*                    °

*Moss, for appellee.*